### In re PEORIA & EASTERN RY. CO.

District Court, S. D. New York.
April 3, 1941.

Jacob Aronson and Crosby J. Beakes, both of New York City, for petitioner.

Charles S. Aronstam and Archie S. Karp, both of New York City, for income bondholders.

Louis G. Bernstein, Julius J. Rosenberg, Leonard B. Frutkin, and William J. Reinhart, Jr., all of New York City, for first mortgage bondholders.

Heard pursuant to Title 11 United States Code, Section 1213, 11 U.S.C.A. § 1213, by a three-judge court consisting of LEARN-

ED HAND, Circuit Judge, WOOLSEY, and HULBERT, District Judges.

WOOLSEY, District Judge.

Our judgment on the matters now presented[1] is—

1. That Section 2 of the proposed agreement in respect of the Railroad Adjustment here involved to be made between the Peoria & Eastern Railway Company, the Cleveland, Cincinnati, Chicago & St. Louis Railway Company—commonly known as the "Big Four"—the New York Central Railroad Company and the Central Hanover Bank and Trust Company, be and it hereby is amended so as to read as hereinafter prescribed.

2. That Section 24 of the final decree entered herein on the 29th day of July, 1940, be and it hereby is amended so as to read as hereinafter prescribed.

3. That the petitioner Railway Company be allowed—in addition to the expenses granted by Section 21 of the decree, filed July 29, 1940—its expenses in the sum of $6,184.61, covering the following items:

| | |
|---|---|
| Expenses on account of imprinting legends on Bonds | $ 500.00 |
| Expenses for advertising various notices | 1,760.45 |
| Expenses for printing, postage, insurance, registration, etc. | 2,683.76 |
| Fee for listing extended Bonds on New York Stock Exchange | 600.00 |
| Expense of transcript of stenographer's minutes | 390.40 |
| Recording fee (Supplemental Indenture, satisfaction pieces) estimated | 250.00 |
| Total | $6,184.61 |

And also be allowed counsel fees, hereby fixed in the sum of $2,000, to Larkin, Rathbone & Perry for services herein to the Indenture Trustee, the Central Hanover Bank and Trust Company.

4. That the petitions of the intervenors and their counsel for allowances be and they hereby are dismissed without costs, on the ground that the Court is without jurisdiction to grant any allowances to others than the petitioner Railway.

I. We see no reason why the Peoria & Eastern Railway Company should be required to send out to income bondholders the names of any persons who may wish to be elected directors to represent the income bondholders. We think the income bondholders should do their own electioneering.

We hold, therefore, that the second paragraph of the proposed agreement in respect of the Railroad Adjustment under discussion between the Peoria & Eastern Railway Company, the "Big Four", the New York Central Railroad Company and the Central Hanover Bank and Trust Company, should be amended so as to read as follows:

"Second: The Peoria and Eastern does hereby agree:

"(1) That at least sixty days prior to the date on which there is to be a meeting of the stockholders of the Peoria and Eastern at which a director is to be elected to fill a vacancy caused by the death, resignation, inability to act, failure to qualify, or expiration of the term, of a director previously designated by the Income Bondholders, it will cause a notice to be published once a week for two successive weeks in the Wall Street Journal (or other newspaper of like character in case of the cessation of publication of the Wall Street Journal) in the City of New York, New York, and in a newspaper published and of general circulation in the City of Chicago, Illinois, requesting the Income Bondholders to notify the Trustee on or prior to the expiration of thirty (30) days from the date of the first publication of such notices, of the name and address of the person who is their choice as a director, and to accompany such notification with a statement of a Bank, Trust Company or other institution of good standing, satisfactory to the Trustee, that the Income Bondholder so notifying the Trustee has on deposit with such Bank, Trust Company or institution, Income Bonds in the aggregate principal amount and of the numbers set forth in such statement, or that the Income Bondholder so notifying the Trustee has presented for inspection to such Bank, Trust Company or institution Income Bonds in the aggregate principal amount and of the numbers set forth in

---

[1] The opinion of this Court on the merits of the plan of adjustment proposed by the petitioner railway herein is dated July 8, 1940, and will be found reported sub nomine Ewen v. Peoria & Eastern Railway Company, D.C., 34 F. Supp. 332.

such statement, with proof satisfactory to such Bank, Trust Company or institution of the ownership thereof by such Income Bondholders;

"(2) That anyone so proposed by Income Bondholders as a director will be qualified to become a director by having transferred to him at least one share of its stock;

"(3) To keep a list of the names and addresses of the Income Bondholders whose names and addresses are known or are made known to it, and will also, on or prior to the date of the first publication of the above notice, mail a similar notice to the Income Bondholders whose names and addresses are known to the Peoria and Eastern;

"(4) Also during the ninety days[2] preceding the date on which there is to be a meeting of the stockholders of the Peoria and Eastern at which a director is to be elected to succeed a director who shall have been previously designated by Income Bondholders, to furnish to any Income Bondholder requesting such information, the names and addresses of the Income Bondholders whose names and addresses are known to the Peoria and Eastern; and

"(5) Income Bonds owned by or held for the benefit of the New York Central, 'Big Four' or the Peoria and Eastern or any of their affiliates or subsidiaries, shall not be voted for the purpose of the nomination of such director."

■ II. We hold that Article 24 of the final decree entered herein on the 29th day of July, 1940, be and it hereby is amended—the inserted amendment being italicized—so as to read as follows:

"Section 24. All questions concerning the amount and validity of the accounts between the 'Big Four,' the New York Central Railroad Company and the Petitioner are not determined in these proceedings and are hereby specifically left open and reserved for future determination. Should the New York Central Railroad Company and/or the 'Big Four' seek or attempt, in any year or at any time or times hereafter, to withdraw any part of the earnings or assets of the Petitioner by way of recoupment or repayment of said inter-company accounts, then and in such event said New York Central Railroad Company and/or

'Big Four,' *upon objection by the representative of the Income Bondholders elected to the Board of Directors, must prove and establish their right to do so."*

■ III. A. By way of preface to the question of allowances, it seems to us appropriate to observe that a proceeding for a Railroad Adjustment under Chapter 15 of the Bankruptcy Act,—Title 11 United States Code, Sections 1200 to 1255, 11 U.S. C.A. §§ 1200–1255,—which is now terminated by reason of its own limitations— Cf. Section 1255—was a proceeding commenced by a petition which was to be addressed in an appropriate *venue* to a three-judge court given equity jurisdiction for a limited purpose, namely, to determine whether the adjustment sought by the petitioner was equitable and should be allowed. The Court did not take possession of any property or funds. The appearance of any other party than the petitioner in such a proceeding depends solely on the appropriate exercise of the judicial discretion of the Court, and any such party could come in only by way of intervention based on the intervenor's petition. For Chapter 15 of the Bankruptcy Act—Title 11 United States Code, Sections 1200–1255, 11 U.S.C. A. §§ 1200–1255—does not provide for any adversary proceedings.

Consequently, it seems to us that we must look only to the provisions of Title 11 United States Code, Section 1225, sub. 6, 11 U.S. C.A. § 1225, sub. 6, to determine our jurisdictional competence to grant allowances.

■ Section 1225, sub. 6, in so far as it is relevant here, provides as follows (italics ours): "That, after hearings for the purpose, all amounts or considerations, *directly or indirectly paid or to be paid by or for the petitioner* for expenses, fees, reimbursement or compensation of any character whatsoever incurred in connection with the proceeding and plan, or preliminary thereto or in aid thereof, together with all the facts and circumstances relating to the incurring thereof, have been fully disclosed to the Court so far as such amounts or considerations can be ascertained at the time of such hearings, that all such amounts or consideration are fair and reasonable, and to the extent that any such amounts or considerations are not then ascertainable, the same are to be so disclosed to the Court when ascertained, and are to

---

[2] The ninety-day provision is inserted with a view to lessening the likelihood of nuisance to the bondholders from the use of such lists for purposes other than those intended, as often happens in respect of such lists.

1

be subject to approval by the special court as fair and reasonable, and except with such approval no amounts or considerations covered by this clause (6) shall be paid."

B. Under the broad language of Title 11 United States Code, Section 1225, sub. 6, above quoted, we think we have power to deal with the expenses and allowances to the petitioner and the counsel for the Indenture Trustee.

■ We find that the expenses above detailed are fair and reasonable as required by that Section. We also allow fees to the counsel for the Indenture Trustee, which we fix at the sum of $2,000.

C. The petitions for allowances made by the counsel for the intervenors are, however, in all respects denied for want of jurisdiction.

■ It seems to us clear that Chapter 15 of the National Bankruptcy Act covering Railroad *Adjustments,* in so far as allowances to others than the petitioner Railway are concerned, is not in *pari materia* with Title 11 United States Code, Section 205, 11 U.S.C.A. § 205, which deals with the *Reorganization* of Railroads. That Section provides, in so far as it is here relevant, as follows (italics ours): "(c) * * * (12) Within such maximum limits as are fixed by the Commission,[3] the judge may make an allowance * * * for the actual and reasonable expenses (including reasonable attorney's fees) incurred in connection with the proceedings and plan by *parties in interest and by reorganization managers and committees or other representatives of creditors and stockholders,* and *within* such limits may make an allowance to be paid out of the debtor's estate for the actual and reasonable expenses incurred in connection with the proceedings and plan and reasonable compensation for services in connection therewith by trustees under indentures, depositaries and such assistants as the Commission with the approval of the judge may especially employ. * * *"

It will be seen, therefore, that a special mandate is given to the Judge, in a reorganization proceeding under the Section quoted, to make allowances for reasonable expenses, including reasonable attorney's fees incurred in connection with the proceeding and plan by the parties interested, and also including committees of creditors.

■ It seems to us that the omission of such a provision from Chapter 15 of the National Bankruptcy Act, which gave a three-judge court jurisdiction in *Proceeding for Railway Adjustment,* makes it quite clear that we have not any jurisdiction properly to grant any allowances herein to the intervenors or their counsel.

This result was reached by a three-judge court in the District of Maryland in Re Baltimore & Ohio R. Co., D.C., 34 F.Supp. 154, 160; and, we are told, also in the Eastern District of Pennsylvania in the case of In re Lehigh Valley Railroad Company, D.C., 34 F.Supp. 753. In that case the Baltimore & Ohio case is not mentioned in the opinion, but it is cited with approval in an order which was entered on October 21, 1940, denying petitions for compensation to counsel representing the security holders.

In the Baltimore & Ohio case, D.C., 34 F.Supp. 154, Judge Chesnut, speaking for a three-judge court constituted under Chapter 15 and consisting of Parker and Dobie, Circuit Judges, and himself, gives at page 160 a very good reason why a three-judge court, under Chapter 15 of the National Bankruptcy Act, has not jurisdiction to grant allowances to intervenors: namely, that it is not a court of equity with general jurisdiction over property or a fund in Court with the incidental power to make allowances to parties who have helped secure or conserve that property or fund, but is a court of equity which is limited to a personal jurisdiction only by the statute, which provides for its creation, and fixes its jurisdictional competence.

We cannot, however, close our opinion without telling counsel for the two intervenors that we welcomed their participation in this cause, that by the modifications in the plan which they suggested, in our opinion, they made a valuable contribution to the creation of a fair and reasonable adjustment herein under which the parties will have to operate for many years to come, and that if we had felt that we were authorized by Chapter 15 of the National Bankruptcy Act to grant them or their counsel a reasonable allowance, we should have done so.

[3] The Interstate Commerce Commission.