In re PEORIA & E. RY. CO.
No. 76016.

District Court, S. D. New York.
March 16, 1943.

Charles S. Aronstam, of New York City (Archie S. Karp, of New York City, of counsel), for Income Bondholders Protective Committee of P. & E. Ry. Co.

Scribner & Miller and Alfred E. Smith, Jr., both of New York City (Louis G. Bernstein, of New York City, of counsel), for First Mortgage Bondholders Protective Committee of P. & E. Ry. Co.

Jacob Aronson and Crosby J. Beakes, both of New York City (Gerald E. Dwyer, of New York City, of counsel), for Peoria & E. Ry. Co.

Before LEARNED HAND, Circuit Judge, and WOOLSEY and HULBERT, District Judges.

WOOLSEY, District Judge.

These petitions are denied without costs.

I. This is a rehearing, on leave granted, of the judgment reached by us, and entered pursuant to our opinion reported as In re Peoria & Eastern Railway Co., D.C., 37 F.Supp. 917, wherein we held inter alia that we were not authorized by the statute, Chapter XV of the Bankruptcy Act, 11 U.S.C.A. § 1200 et seq., under which we were convened as a three-judge Court, to grant allowances to any parties allowed to intervene in Railroad Adjustment Proceedings.

Certiorari sought by the Income Bondholders Protective Committee to overrule this judgment was denied. Ewen et al. v. Peoria & Eastern Railway Co., 314 U.S. 635, 62 S.Ct. 69, 86 L.Ed. 510.

Our competence to reconvene and hear the present application is based on our reservation of jurisdiction in Article 20 of our final decree.

II. The original Chapter XV of the Bankruptcy Act, under which the above mentioned ruling,—refusing allowances to intervenors—was made, expired by its own limitation on July 31, 1940, without prejudice to proceedings then pending thereunder. Cf. Section 755.

The Congress, believing that other railroads than those which had started proceedings under said original Chapter XV of the Bankruptcy Act might need therapeutic aid of the kind afforded by Chapter XV, enacted a new statute, which was approved by the President October 16, 1942, 11 U.S.C.A. § 1200 et seq., and which is in pari materia with the former Chapter XV, but differs from it in slight particulars.

So far as we are here concerned, this new Chapter XV, or as we may conveniently call it, the McLaughlin Act, contained in addition to the language contained in Section 720 of the old Chapter XV, commonly referred to as the Chandler Act, the following:

"Any person or persons in interest who shall be permitted to intervene or who shall present evidence and be heard thereon, in person or by attorney, with or without intervention, proposing any modification of the plan of adjustment, which modification shall be adopted and which shall be found by the court to be of benefit to the petitioner or to any class of creditors of petitioner or to be in the public interest, may be allowed actual and reasonable expenses (including reasonable attorneys fees), which expenses may be entered as a part of the decree approving and confirming the plan and the adjustment provided thereby pursuant to the provisions of section 725 [1225] of this chapter."

These provisions speak in futuro.

III. Our previous opinion on the matter of allowances, reported 37 F.Supp. 917, set forth accurately we believe the state of the law and the authorities as they stood at the time of the first application for allowances.

Admittedly, the petitioners are making their present application under the original (Chandler Act) Chapter XV. Indeed, it is difficult to see how they could invoke the new McLaughlin Act. The words added by the McLaughlin Act to the Chandler Act seem to us not to be, and we hold that they are not, declaratory of the original (Chandler) Act, Section 720, Chapter XV, but involve a change of policy by the Congress reached in the light of the construction which the Courts had put on that Section in regard to allowances to intervenors.

That this is the true construction of the situation seems to us to be confirmed, under familiar principles, by the fact that Section 720 of the original (Chandler) Act, Chapter XV, specifically provides for the payment of allowances only to the attorneys for the Railway seeking adjustment. In other words, the Railway, as client, was to be required to pay its own lawyer as its chosen attorney for his out of pocket expenses incurred in conforming with the Act, and such fees in addition as the Court might approve.

Such an adjustment proceeding was an intramural matter. No adversary proceeding was involved.

If outsiders volunteer in such a cause, as they did here, they run the risk as volunteers, of failing to get compensation, except from their clients, and, are forced to rely on their respective client Committees for their reimbursement of expenses and fees under the original Section 720 of Chapter XV (Chandler Act).

The lack of any statutory mandate to grant fees to intervenors, considered with the specific mandate for allowances, to lawyers for the Railway, which was not

stressed perhaps as much as it should have been in our former opinion, convince us that our first decision was right. These two aspects of the original (Chandler) Act, Chapter XV, are in fact complementary.

IV. The petitions must, therefore, be denied without costs.

An order denying the petitions without costs may be entered on the usual notice.